**UNITED STATES of America,**
**Appellee,**

v.

**Joel Adrian REYES, Appellant.**

**No. 06–3731–cr.**

United States Court of Appeals,
Second Circuit.

June 5, 2007.

Irma B. Ascher, New York, NY, for Appellant.

Michael Farbiarz, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant Joel Adrian Reyes appeals the sentence imposed after he pled guilty to a three-count indictment charging him with distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(C). The United States District Court for the Southern District of New York (Swain, J.) sentenced Reyes principally to 37 months' imprisonment, within the 37–46 month range set forth in the U.S. Sentencing Guidelines.[1] Reyes argues that his sentence is unreasonable "[b]ecause a shorter term of imprisonment would have more than fulfilled the aims of retribution, deterrence, protection of the public and rehabilitation, as well as the other aims of [18 U.S.C. § ] 3553(a)." We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

---

1. This range included a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and a two-point reduction pursuant to U.S.S.G. § 2D1.1 (b)(7). **[Blue 4].**

"The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir.2006).

The record confirms that the district court understood its post-*Booker* authority under the Guidelines. After reviewing the factors set forth in 18 U.S.C. § 3553, the district court explained that the Guidelines are "advisory," and concluded that on the facts presented, "the [G]uideline range includes a sentence that is reasonable, sufficient, and no greater than necessary to address the Section 3553(a) sentencing goals and factors." Sent'g Tr. at 17 (Aug. 1, 2006). And we conclude that the sentence was well within the broad range of reasonable sentences that the district court could have imposed. *See Fernandez*, 443 F.3d at 32.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade,